

# The Attorney General of Texas

March 10, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James W. Smith, Jr.
Frio County Attorney
P. O. Box V
Pearsall, Texas    78061

Opinion No. JM-6

Re: Whether the commissioners court may exclude the county clerk from its executive session meetings

Dear Mr. Smith:

You have asked whether the commissioners court of Frio County may exclude the county clerk from executive sessions of the court. You contend that inasmuch as the county clerk is ex officio clerk of the commissioners court, articles 1940 and 2345, V.T.C.S., she is, in most instances, entitled to attend such sessions.

Section 2(a) of article 6252-17, V.T.C.S., the Open Meetings Law, provides in part as follows:

> Except as otherwise provided. . . every. . . meeting or session of every governmental body shall be open to the public; and no closed or <u>executive meeting or session of any governmental body</u> for any of the purposes for which closed or executive meetings or sessions are hereinafter authorized shall be held unless. . . . (Emphasis added).

Section 1 of this article provides:

> (a) 'Meeting' means any deliberation between a quorum of <u>members of a governmental body</u> at which. . . .
>
> . . . .
>
> (c) 'Governmental body' means. . . every Commissioners Court. . . in the state. . . . (Emphasis added).

These provisions clearly establish that only the members of a governmental body -- in this instance, the commissioners court -- have

the right, when authorized by section 2 of the Open Meetings Act, to convene in executive session. The fact that the county clerk is ex officio clerk of the commissioners court does not make her a member of that court. Article V, section 18 of the Texas Constitution provides in relevant part that "[t]he County Commissioners so chosen, with the County Judge as presiding officer, shall compose the County Commissioners Court. . . ."  Article 2342, V.T.C.S., contains virtually the same language. We therefore answer your question in the affirmative.

### S U M M A R Y

The commissioners court of Frio County may exclude the county clerk from executive sessions of the court held under article 6252-17, V.T.C.S.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
George Gray
Jim Moellinger
Bruce Youngblood